# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **EARLY GEORGE BILLUPS, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 7:08-cv-00075-RDP-RRA** |
| ) | |
| **JEFFERSON COUNTY,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on July 21, 2008, recommending that this action be dismissed for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). (Doc. #28). Plaintiff filed objections to the report and recommendation on August 15, 2008. (Doc. #29). Plaintiff's objections are nearly fifty (50) handwritten pages in length and in essence merely repeat his complaint that he has been mistreated and is being held in the Jefferson County Jail because of a wide ranging conspiracy between his ex-wife and various Jefferson County Judges and other state and county officials. Plaintiff's objections do nothing to draw into question the magistrate judge's findings that the judicial defendants are entitled to absolute immunity from his claims for damages and that no constitutional claim has been asserted against the other named defendants.

In addition to his objections, Plaintiff has asserted a second motion for preliminary injunction seeking release from jail in order to obtain medical care.[1] (Doc. #30). A preliminary injunction is

---

[1] Plaintiff's previous motion was submitted in correspondence filed April 29, 2008. (Doc. #17).

"an extraordinary and drastic remedy" the grant of which "is the exception rather than the rule." *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983). In this case, Plaintiff has not alleged that he is being denied any and all medical care by the Jefferson County Jail authorities nor has he shown that he will suffer irreparable injury if the injunction is not issued or that the threatened injury to him would outweigh the adverse impact to the public interest in the administration of the prison system.[2] *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983). More importantly, this court should not issue an injunction where the requested injunction, as here, deals with issues unrelated to the underlying action. *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41 (11th Cir. 1997). Accordingly, Plaintiff's motion (Doc. #30) is **DENIED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and hereby is **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). A Final Judgment will be entered.

**DONE** and **ORDERED** this ____12th____ day of September, 2008.

```
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE
```

---

[2] As additional grounds for this motion, Plaintiff states that he seeks release from jail in order to "prepare for trial with effective assistance of counsel." (Doc. #30, page 7). However, he has been previously notified that a state prisoner normally may challenge the fact or duration of his imprisonment only by way of a petition for writ of *habeas corpus*. (Doc. #4).